## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Frederick J. Eisbrener, | Civil Action No. _____ |
| Plaintiff, | |
| vs. | AMENDED **COMPLAINT AND DEMAND FOR** |
| American Accounts & Advisors, Inc., | **JURY TRIAL** |
| Defendant. | |

## PRELIMINARY STATEMENT

1.  This is an action for damages brought by Plaintiff Frederick J. Eisbrener, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Telephone Consumer Protection Act, 47 U.S.C. 227 *et seq.*

## JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.  This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereinafter "FDCPA").

4.  This action arises out of the Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereinafter "TCPA").

5.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6.    Plaintiff Frederick J. Eisbrener (hereinafter "Plaintiff") is a natural person residing in the County of Pennington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    Defendant American Accounts & Advisors, Inc. (hereafter "Defendant"), is a Domestic Business Corporation and recognized under the laws of Minnesota and it is operating from an address 7460 80th Street, Cottage Grove, MN 55016

8.    Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.    Plaintiff allegedly incurred a financial obligation with a medical provider, and is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

10.    The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

11.    Sometime on or before December 10, 2014, the alleged debt was consigned, placed, sold, assigned or otherwise transferred to Defendant for collection from Plaintiff.

12.   From approximately December 2014 to February 2015, Plaintiff received approximately eleven (11) telephone calls on his cellular telephone from Defendant.

13.   On or about December 18, 2014, Plaintiff received and answered a phone call on his cellular telephone from an individual stating they were from American Accounts, and was attempting to collect on a debt allegedly accrued by Plaintiff.

14.   During this December 18 phone conversation, Plaintiff told the individual that he wanted Defendant's credentials and address so he could communicate with the company in writing and to stop calling. The individual on the phone would not produce this information.

15.   On or about January 18, 2015, Plaintiff received and answered a phone call on his cellular telephone from an individual stating they were from American Accounts, and was attempting to collect on a debt allegedly accrued by Plaintiff.

16    During this January 18 phone conversation, Plaintiff told the individual that he wanted Defendant's credentials and address, so he could communicate with the company in writing, and to stop calling, and for verification of his alleged debt. The individual on the phone would not produce this information.

17.   On or about February 23, 2015, Plaintiff's significant other, Terri Irmiter, received a phone call on her cellular telephone from Defendant.

18.   Terri Irmiter answered this phone call, and during the conversation Defendant attempted to collect payment from Terri Irmiter for Plaintiff's alleged debt.

19.   During this February 23 phone conversation, Defendant informed Terri Irmiter that Plaintiff owed over $1,000.00 in alleged debts.

20.   Defendant violated 15 U.S.C. § 1692c(c) on multiple occasions because Defendant contacted Plaintiff by telephone after he verbally requested all communications to be in writing. He was not permitted to make his request in writing because he was never informed what address he could send this request to.

21.   Defendant violated 15 U.S.C. § 1692b(1) when Defendant contacted Terri Irmiter and attempted to collect payment from her for Plaintiff's alleged debt.

22.   Defendant violated 15 U.S.C. § 1692b(1) when Defendant contacted Terri Irmiter and failed to state that the individual on the phone was only attempting to confirm or correct the location information concerning Plaintiff.

23.   Defendant violated 15 U.S.C. § 1692b(2) when Defendant contacted Terri Irmiter and stated that Plaintiff owes a debt.

24.   Defendant violated 47 U.S.C. § 227(b)(1)(A) by calling Plaintiff's cellular telephone using an automatic telephone dialing system.

25.   Defendant violated 47 U.S.C. § 227(b)(1)(A) by calling Terri Irmiter's cellular telephone using an automatic telephone dialing system.

**Respondeat Superior Liability**

26.   The acts and omissions of Defendant's employees who were employed as agents by Defendant, and who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

27.    The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant in collecting consumer debts.

28.    By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, Defendant.

29.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in its attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

30.    Plaintiff is entitled to and hereby demands a trial by jury. US CONST. Amend. VII. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

31.    Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

32.    The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

33.    As a result of said violations, Plaintiff has suffered actual damages in the form of fear of answering the telephone, humiliation, anger, anxiety, emotional distress, fear, frustration, and feelings of guilt or hopelessness, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

34.    As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

35.    As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).


## COUNT II.

### VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.

36.    Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

37.    The foregoing acts and omissions of Defendant constitute negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

38.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory that Defendant's conduct violated the FDCPA and injunctive relief;

- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and

- For such other and further relief as may deem just and proper.

## COUNT I: TCPA VIOLATIONS

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

- Any and all other relief that the Court deems just and proper.

Dated: February 27, 2015.          **MARSO & MICHELSON, P.A.**

By:   s/Blake R. Bauer
        Blake R. Bauer (Bar No: 0396262)
        Marcus J. Hinnenthal (Bar No: 0386756)
        Attorneys for Plaintiff
        Marso & Michelson, P.A.
        3101 Irving Avenue South
        Minneapolis, Minnesota
        Telephone: 612-821-4817
        Fax: 612-821-4826
        Email: blake.bauer@outlook.com
        Email: mhinnenthal@marsomichelson.com